Filed 10/16/25  P. v. Perry CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338775 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA150355) |
| v. | |
| LARRY EUGENE PERRY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Larry Eugene Perry appeals after the trial court imposed a stipulated judgment of 19 years in state prison for sexual penetration by a foreign object of a minor 14 years old or older and forcible rape of a minor 14 years old or older. We appointed counsel to represent Perry on appeal. After reviewing the record, appointed counsel for Perry did not identify any arguable issues and asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After independently reviewing the record, we have not identified any arguable issues either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We described the factual background of this case in Perry's first appeal. (See *People v. Perry* (Nov. 3, 2023, B314950) [nonpub. opn.].) At Perry's request, Nakeya, Perry's adult daughter, gained custody of S.P., her half-sister and Perry's daughter. At that time, S.P. was 11 or 12 years old. S.P.'s mother had died and, before Nakeya obtained custody, S.P. had been in foster care.

S.P. testified that, when she was 12 years old and visiting Perry, he directed her to take down her pants and underwear and get on the bed. S.P. felt "weird[ed] out," but followed Perry's directions. Perry donned disposable latex gloves, "like doctor gloves," he took from his nightstand. Perry told S.P. he was going to put his finger inside her vagina and told her to lie down, then put his fingers inside her and moved them around. After he stopped, he told S.P. to put her clothes back on, and S.P. asked why he had put his fingers inside her. Perry replied it was "to see if [you're] a virgin." Perry told S.P. he would get in trouble with the police and go to jail if she told Nakeya what happened,

so S.P. said nothing to Nakeya that day.  S.P. felt confused and embarrassed.

S.P. testified this "same routine" continued about once every week after that first instance, through her seventh grade year.  Starting when she was 12, Perry also began asking S.P. to take off her shirt and would touch her breasts.  When S.P. was 13, Perry began using two gloved fingers.  Perry continued this "routine" until a family cruise in August 2017 (described below) at the start of S.P.'s eighth grade year, when she was 14.  S.P. also testified that in March 2017, Perry asked her to perform oral sex on him.

In August 2017, S.P. went on a weeklong family reunion cruise to the Bahamas with Perry, S.P.'s half-sister Shantai Lofton (Perry's eldest daughter, who was about a dozen years older than Nakeya), and several other extended family members. Nakeya did not go.  Perry and S.P. shared a room throughout the cruise.  On the fourth day, while S.P. was resting in bed, Perry asked S.P. to take down her pants and underwear and kiss him. Perry kissed her and put two fingers inside her without using a glove.  S.P. did not say anything to her family members on the cruise because she felt embarrassed and did not want them to know.

The weekend after the cruise, while S.P. was at his apartment, Perry told S.P. to lie down on the bed and said he was going to put his penis inside her.  Perry then raped S.P.  He used a condom and when he removed it, he told S.P. he used it so she would not get pregnant, then flushed it down the toilet.  S.P. did not tell Nakeya what happened because she was embarrassed and did not want Nakeya to be disappointed or angry with Perry.

Perry raped S.P. again the following week, and again two weeks later.

The sexual abuse continued intermittently during S.P.'s eighth grade year until the end of 2017. At trial, S.P. described it as occurring "many more times" and "once in a while" with no regular schedule. When she was in eighth grade, S.P. once pushed Perry off her and told him she did not want to "do it" anymore, and he "left [her] alone" and did not abuse her on that occasion. Another time, also in eighth grade, she kicked him when he approached her bed at night, and he walked away. The last time Perry raped S.P. was around December 2017; S.P. could not recall the last instance.

On December 26, 2017, S.P. told Nakeya that Perry had been touching her. S.P. did not tell Nakeya everything at first because she was embarrassed and scared. Nakeya testified S.P. initially told her she did not want to stay at Perry's house after Christmas because he had been "checking" her "private area." The following day, Nakeya took S.P. to the Compton sheriff's station.

In December 2019, the People filed a three-count information against Perry, alleging the following charges: continuous sexual abuse of a minor under 14 years old in violation of Penal Code section 288.5, subdivision (a)[1] (count 1), sexual penetration by a foreign object of a minor 14 years old or older in violation of section 289, subdivision (a)(1)(C) (count 2), and forcible rape of a minor 14 years old or older in violation of section 261, subdivision (a)(2) (count 3).

---

[1] All statutory references are to the Penal Code.

The jury convicted Perry of sexual penetration by a foreign object of a minor 14 years old or older (§ 289, subd. (a)(1)(C)) and forcible rape of a minor 14 years old or older (§ 261, subd. (a)(2)). The jury was unable to reach a verdict on the continual sexual abuse count, and the court declared a mistrial on that count.

In September 2021, the court denied probation and sentenced Perry to the upper term of 11 years on the forcible rape count as the base count, and a consecutive upper term of 10 years on the sexual penetration by a foreign object count, for an aggregate prison term of 21 years. The court found six aggravating and no mitigating circumstances, stating it "selected the high term based on the aggravating factors substantially outweighing or the nonexistence of mitigating factors."

On appeal, we affirmed the convictions but vacated the sentence and directed the trial court to resentence Perry in accordance with section 1170, subdivision (b), and any other applicable ameliorative legislation. (See *People v. Perry*, *supra*, B314950.)

On April 26, 2024, the trial court imposed a stipulated sentence of 19 years in state prison, which included the upper term of 11 years for count 2 and the middle term of eight years for count 3, which was to run consecutive to count 2. Perry was given 2,394 days of credit, which included 1,240 days of actual custody credit, 968 days of postsentence credit, and 186 days of work time credit.

Perry timely appealed.

## DISCUSSION

After reviewing the record, counsel for Perry filed an opening brief raising no issues. On July 15, 2025, counsel advised Perry that he intended to file a brief raising no issues and that Perry had the right to file a supplemental brief. Counsel also sent Perry the appellate record and a copy of the opening brief. On July 21, 2025, we advised Perry he had 30 days to submit a supplemental brief or letter stating any grounds of an appeal, contentions, or arguments he wanted us to consider. We have not received a response from Perry.

We have examined the record and are satisfied that appellate counsel for Perry has complied with his responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende, supra,* 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.                                        FEUER, J.

6